**Deanne DEANE, Plaintiff—Appellant,**

v.

**PLUMAS COUNTY, et al., Defendants—Appellees.**

No. 02–16555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided July 25, 2003.

Before HILL,\* T.G. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*

Deanne Deane was arrested for welfare fraud in connection with under reporting certain income. She alleges in this § 1983 action that the defendants caused this arrest in violation of her constitutional rights, and that they are liable to her in damages. The district court granted summary judgment to the defendants and Deane appeals. Because the facts are known to the parties, we do not recite them here.

---

\* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

■ The district court correctly rejected Deane's judicial deception claim. The parties do not dispute that the Administrative Law Judge's ("ALJ") decision was attached to the probable cause affidavit. That decision contained the ALJ's finding that Deane had good cause for not reporting some of the challenged income. Therefore, the magistrate judge who issued the arrest warrant had this determination before him when he reviewed the probable cause affidavit. Because the amount remaining that the Department overpaid Deane was still over the threshold necessary for the charged offense of welfare fraud ($400), Deane cannot establish that "but for [any] dishonesty, the challenged action would not have occurred." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir.2002) (internal quotation marks omitted).

## II.

Second, Deane argues that as a result of the ALJ's favorable resolution of the welfare fraud charges, the defendants knew there was no probable cause for Deane's arrest. This argument depends upon Deane's contention that the ALJ's decision established that she had no intent to commit welfare fraud and that this finding had preclusive effect as to any future claim that she had criminal intent to defraud. If so, the defendants knew that an essential element of the crime could not be established. Their conduct, then, would constitute a violation of a Deane's clearly established right to be free from false arrest.[1]

Even if the administrative decision was entitled to preclusive effect, however, the district court held that the defendants would be entitled to qualified immunity from this action. We agree with this conclusion.

■ The defendants are entitled to qualified immunity if, under the totality of the circumstances known at the time, a reasonable government official could have believed that there was probable cause for Deane's arrest. *See Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Government officials who "reasonably but mistakenly conclude that probable cause is present" are immune from liability under § 1983. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (internal quotation marks omitted). Because the preclusive effect of the ALJ's decision in this case is debatable, as the parties' briefs demonstrate, as a matter of law it cannot be said that a reasonable official in defendants' position should have known that the decision was entitled to the preclusive effect Deane proposes. Therefore, defendants did not knowingly violate Deane's clearly established constitutional rights, and are entitled to qualified immunity.[2]

For the foregoing reasons, we affirm the district court.

**AFFIRMED.**

---

1. The district court rejected this argument, holding that there was no preclusive effect because one of the traditional elements for collateral estoppel—finality of the administrative decision—was not met. We do not reach this issue because we hold that the finality of the ALJ's decision was sufficiently unclear that defendants did not knowingly violate Deane's clearly established constitutional rights.

Thus, defendants are entitled to qualified immunity from this action.

2. As to Deane's claim against Plumas County, we agree with the district court that there was no evidence of a county policy custom or practice of ignoring the preclusive effect of administrative decisions, nor any showing of inadequate training in this regard.